UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                                              )
      Plaintiff, )
                                              ) Case No. CR09-176-JCC
   v. )
                                              )
BINH T. QUACH, ) DETENTION ORDER
                                              )
      Defendant. )
_____ )

<u>Offenses charged</u>:

    Count 1:      KNOWING POSSESSION OF STOLEN UNITED STATES MAIL, in violation of 18 U.S.C. §§ 1708 and 2

    Count 2-4:    BANK FRAUD, in violation of 18 U.S.C. §§ 1344 and 2

    Count 5:      CREDIT CARD ACCESS DEVICE FRAUD, in violation of 18 U.S.C. §§ 1029(a)(2) and 2

    Court 6:      AGGRAVATED IDENTITY THEFT, in violation of 18 U.S.C. § 1028A

<u>Date of Detention Hearing</u>:    June 11, 2009.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    (1)    Defendant has a serious drug addiction problem.

    (2)    Defendant has a lengthy criminal record, principally involving forgery and

DETENTION ORDER                          15.13
18 U.S.C. § 3142(i)                    Rev. 1/91
PAGE 1

theft issues that appear to be driven by his addiction.

(3) Defendant is not employed and has no support structure in his life.

(4) Defendant has a history of failures to appear.

(5) No conditions, short of detention, reasonably assure defendant will appear as required or deal with the economic threat posed by defendant.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 12th day of June, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge